ORIGINAL

# In the United States Court of Federal Claims

No. 13-839
Filed: March 21, 2014
**NOT TO BE PUBLISHED**

FILED
MAR 21 2014
U.S. COURT OF
FEDERAL CLAIMS

*******************************************
\*
KARL ROBERT IRWIN,                          \*
                                             \*
    Plaintiff, *pro se*,                    \*
                                             \*
v.                                           \*
                                             \*
THE UNITED STATES,                           \*
                                             \*
    Defendant.                               \*
                                             \*
*******************************************

**Karl Robert Irwin**, Bismark, North Dakota, Plaintiff, *pro se*.

**Sean McNamara**, United States Department of Justice, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

### I.   RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY.[1]

*Pro se* Plaintiff Karl Robert Irwin, currently a prisoner at the Federal Correctional Institute in Oxford, Wisconsin, filed a Complaint in the United States Court of Federal Claims on October 28, 2013. The Complaint alleges that on November 20, 2004 the Drug Enforcement Administration ("DEA") seized $14,977 and a 1998 Ford Pickup truck, valued at $11,125, from

---

[1] The relevant facts discussed herein were derived from the October 28, 2013 Complaint and attachments ("Pl. Attach 1–4"). The attachments are four forms relating to Plaintiff's arrest and the seizure of a truck and money: (1) DEA Form 48a, entitled "Disposition of Non-Drug Evidence," dated December 29, 2004, listing the seized non-drug evidence as a "Check" with an estimated value of $14,977 (Pl. Attach 1); (2) a second DEA Form 48a, entitled "Disposition of Non-Drug Evidence," also dated December 29, 2004, listing a "1998 Ford XLT Supercab Flareside 4WD Pickup" (Pl. Attach 2); (3) an April 28, 2005 Declaration of Forfeiture of "$14,977.00 [in] U.S. Currency" to the Government (Pl. Attach 3); and (4) a Declaration of Forfeiture forfeiting the "1998 Ford XLT Supercab Flareside 4WD Pickup" to the Government, with a partially redacted date, but showing April 26, 2005 as the date when a facsimile of the form was received in the DEA's Fargo, North Dakota Office (Pl. Attach 4).

Plaintiff. Compl. 1. Since these seizures occurred when Plaintiff was arrested on drug charges, but the evidence seized was classified "non-drug evidence," the forfeiture was a taking of Plaintiff's personal property without just compensation in contravention of the Fifth Amendment to the United States Constitution. Compl. 1, 3; Pl. Attach 1–2 (DEA Forms 48a). The Complaint also alleges that the seizure violated 21 U.S.C. § 881.[2] Compl. 3. The Complaint also appears to assert two due process claims: first, the Government's seizure violated the Due Process Clause; second, applying the statute of limitations to bar Plaintiff's claim would be a substantive due process violation. Compl. 1–2. Finally, the Complaint appears to allege a *Bivens* cause of action. Compl. 1–2 (citing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 392–397 (1971) (holding that a plaintiff may assert a cause of action for money damages when federal officials, acting under color of federal authority, violate rights protected by the Fourth Amendment to the United States Constitution)); *see also id.* (including an Assistant United States Attorney and "all unknown agents" as defendants in the case caption).

The Complaint seeks $322,240 in compensatory damages and $2,000,000 in punitive damages. Compl. 3.

On December 26, 2013, the Government filed a Motion to Dismiss, pursuant to RCFC 12(b)(1) and 12(b)(6). On January 13, 2014, Plaintiff filed a Response. The Government did not file a Reply.

## II. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated

---

[2] Section 881 is part of the Controlled Substances Act, Pub. L. 91-513, 84 Stat. 1242 (1970) (as amended). Section 881 provides, in relevant part, that the following are subject to forfeiture by the Government:

> (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment [of controlled substances.]
>
> * * *
>
> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. §§ 881(4), (6).

damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act . . . ."); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Standard Of Review For Pro Se Litigants.

The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C. Standards For Decision On Motion To Dismiss.

#### 1. Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

3

Nonetheless, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### 2. Pursuant To RCFC 12(b)(6).

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]").

When considering whether to dismiss an action for failure to state a claim, the court must assess whether "a claim has been stated adequately" and then whether "it may be supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level," accepting all factual allegations in the complaint as true and making all reasonable inferences in favor of the plaintiff. *Id.* at 555.

## D. The Court's Resolution Of The Government's December 26, 2013 Motion To Dismiss.

Plaintiff has failed to meet the burden of establishing subject matter jurisdiction for the reasons set forth below.

### 1. Plaintiff's Takings Claim Is Time-Barred By The Statute Of Limitations.

Pursuant to section 2501, "every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501; *see also Goodrich v. United States*, 434 F.3d 1329, 1333 (Fed. Cir. 2006) ("A claim brought in the United States Court of Federal Claims must be filed within six years of its accrual date."). It is firmly established that a cause of action against the Government has accrued "when all the events have occurred which fix the alleged liability of the [Government] and entitle the plaintiff to institute an action." *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988); *see also Mittapalli v. United States*, 867 F.2d 616, *1 (Fed. Cir. 1989) ("[A] cause of action against the government has 'first accrued' only when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." (citation omitted)). Relevant to this case, a takings claim accrues when the Government action that allegedly constitutes a taking occurs. *See Alliance of Descendants of Tex. Land Grants v. United States*, 37 F.3d 1478, 1481

(Fed. Cir. 1994) (explaining that a "claim under the Fifth Amendment accrues when that taking action occurs").

The Complaint alleges that the seizure of the truck and money occurred during Plaintiff's arrest on November 20, 2004. Compl. 1. DEA Forms 48a both are dated December 29, 2004, and the Declaration of Forfeiture bears a date of April 28, 2005. These events fix the Government's alleged liability and Plaintiff "knew or should have known" his claim existed at this point, because the DEA assumed possession of his truck and money at the time of his arrest. *See Kinsey v. United States*, 852 F.2d 556, 557 n.* (Fed. Cir. 1988). Construing the facts in the Complaint in the manner most favorable to Plaintiff, April 28, 2005 is the latest date on which his claims accrued.

The October 28, 2013 Complaint was filed more than eight years after April 28, 2005 and thus it is well outside the statute of limitations imposed by Section 2501. "This court's six-year limitations period is jurisdictional and may not be equitably tolled." *Ramos v. United States*, 112 Fed. Cl. 79, 85 (2013). The court understands Plaintiff's argument that application of the statute of limitations runs afoul of a constitutional protection. That argument has been explicitly rejected, however, by both the United States Supreme Court and the United States Court of Appeals for the Federal Circuit. *See Block v. North Dakota*, 461 U.S. 273, 292 (1983) ("A constitutional claim can become time-barred just as any other claim can. Nothing in the Constitution requires otherwise." (citations omitted)); *see also Hair v. United States*, 350 F.3d 1253, 1260 (Fed. Cir. 2003) (holding that the constitutional right to just compensation is not absolute, because "the remedy afforded by the Fifth Amendment is subject to a reasonable time bar designed to protect other important societal values"); *see also Lopez v. Sec'y of Navy*, 15 Fed. App'x 781, 784 (Fed. Cir. 2001) (rejecting both a facial and as applied challenge to application of this court's statute of limitations). Thus, Plaintiff's takings claim is time-barred and must be dismissed.[3]

---

[3] To the extent that Plaintiff asserts that the Government's seizure of his property constituted a taking, Plaintiff cannot state a claim showing entitlement to relief:

> When property has been seized pursuant to the criminal laws or subjected to *in rem* forfeiture proceedings, such deprivations are not 'takings' for which the owner is entitled to compensation. The same rule applies even if the property is seized as evidence in a criminal investigation or as the suspected instrumentality of a crime[.]

*Acadia Technology, Inc. v. United States*, 458 F.3d 1327, 1331 (Fed. Cir. 2006) (internal citations omitted); *see also Kam-Almaz v. United States*, 682 F.3d 1364, 1371 (Fed. Cir. 2012) (explaining that property seized and retained pursuant to the police power is not taken for a "public use" in the context of the Takings Clause); *Amerisource Corp. v. United States*, 525 F.3d 1149, 1153 (Fed. Cir. 2008) (same).

### 2. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Due Process Claims.

To the extent that Plaintiff asserts the Government's seizure of his property was a violation of the Due Process Clause of the Fifth Amendment, the court also lacks jurisdiction to adjudicate that claim, as this constitutional provision "does not obligate the [G]overnment to pay money damages." *Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995). In other words, the Due Process Clause is not a money-mandating provision of the Constitution. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[C]ounts alleging violation[s] of . . . rights under the Due Process Clauses of the Fifth and Fourteenth Amendments . . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the [G]overnment."); *see also Acadia Technology, Inc.*, 458 F.3d at 1334 ("A violation of due process rights . . . does not give rise to a claim for money damages against the United States in the Court of Federal Claims."). Therefore, Plaintiff's due process claims must be dismissed.

### 3. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Allegations Of Unlawful Forfeiture Under The Controlled Substances Act.

To the extent that the Complaint alleges the Government's seizure of his truck and money was an improper forfeiture under 21 U.S.C. § 881, the United States Court of Federal Claims does not have jurisdiction to adjudicate such a claim. *See Fischer v. United States*, 96 Fed. Cl. 70, 79 (2011) (holding that the United States Court of Federal Claims does not have jurisdiction to adjudicate claims alleging a violation of 21 U.S.C. § 881); *Crocker v. United States*, 125 F.3d 1475, 1477 (Fed .Cir. 1997) ("[W]hile [the law] can be read as recognizing the district courts' jurisdiction over a forfeiture of seized property or money under the Controlled Substances Act, it does not suggest the Court of Federal Claims has similar subject matter jurisdiction."). Therefore, the claims alleged in the Complaint under Section 881 must be dismissed.

### 4. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate A Bivens Action.

Although the Complaint does not specifically allege a "*Bivens* action," it cites *Bivens* to substantiate a right to relief. Compl. 2 (*citing Bivens*, 403 U.S. at 392). To the extent that a *Bivens* action is alleged, the United States Court of Federal Claims also does not have jurisdiction to adjudicate that claim. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (holding that "*Bivens* actions . . . lie outside the jurisdiction of the Court of Federal Claims"); *see also Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013) ("[T]his [c]ourt lacks jurisdiction over *Bivens* actions for civil wrongs committed by agents of the United States"); *Gallo-Rodriguez v. United States*, 513 Fed. App'x 971, 973 (Fed. Cir. 2013) (explaining that a *Bivens* action cannot form the basis for Tucker Act jurisdiction). Therefore, the *Bivens* claim must be dismissed.

## III. CONCLUSION.

For these reasons, the Government's December 26, 2013 Motion to Dismiss is granted and the Clerk of Court is directed to dismiss the October 28, 2013 Complaint.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**